HERRICK, FEINSTEIN LLP
Scott E. Mollen
M. Darren Traub
2 Park Avenue
New York, New York 10016
Telephone: (212) 592-1418
Facsimile: (212) 545-3401
Attorneys for Defendants
Claudio Ballard and DataTreasury Corp.

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUL 0 7 2011 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------X

TED DOUKAS, SYNGEN DATA SERVICES
CORPORATION, TED DOUKAS as a shareholder
of SYNGEN DATA SERVICES, TED DOUKAS,
as a joint venture partner with CLAUDIO
BALLARD, TED DOUKAS as an equitable owner
of all patents and technology owned by CLAUDIO
BALLARD or his purported assignees, TED
DOUKAS as an equitable owner of all patents and
technology owned by DataTreasury Corp., TED
DOUKAS as owner of certain technology and
Assets produced by a joint venture with CLAUDIO
BALLARD, TED DOUKAS as a 50% equitable
owner of DataTreasury Corp., an assignee of
CLAUDIO BALLARD's ownership of certain
technology developed by the joint venture and
unknown Defendants named John and Jane Does
"1" through "750", TED DOUKAS as the
constructive and beneficial owner of all settlements
and licensing agreements relating to certain
technology created by virtue of a joint TED
DOUKAS as a joint venture owner of the assets of
a joint venture partnership commonly referred to
"the *Doukas/Ballard joint venture*",

   Plaintiffs,

-against-

CLAUDIO BALLARD, KEITH DELUCIA a/k/a
"KEITH WICKEY", a/k/a "KEITH DOYLE",
SHEPHARD LANE, UNIDENTIFIED
DEFENDANTS JOHN AND JANE DOES "1"

Civil Action No.: CV11-3275

Supreme Court of the State of New York;
County of Suffolk Index No. 09267/11

**NOTICE OF REMOVAL**

NO SUMMONS ISSUED

SPATT, J.

WALL, M.J.

THROUGH "750", UNIDENTIFIED :
CORPORATE ENTITIES "1" THROUGH "75", :
UNKNOWN LICENSES AND BANKING :
INSTITUTIONS "1" THROUGH "75", :
DATATREASURY CORP., KEITH DELUCIA :
a/k/a "KEITH WICKEY", a/k/a "KEITH DOYLE" :
as an owner of shares in DataTreasury Corporation, :
SHEPHARD LANE, as an owner of shares in :
DataTreasury Corporation, CLAUDIO BALLARD, :
as an owner of shares in DataTreasury Corporation, :
SYNGEN CORPORATION, CLAUDIO :
BALLARD as an owner of shares in SYNGEN :
CORPORATION, CLAUDIO BALLARD as the :
fiduciary to TED DOUKAS and SYNGEN DATA :
SERVICES CORPORATION, CLAUDIO :
BALLARD as the Constructive trustee of TED :
DOUKAS' interest in the technology created by a :
joint venture, PETER LUPOLI, VIRGINIA :
LUPOLI, CSP HOLDINGS INC., HAROLD NIX :
(individually), NIX, PATTERSON AND ROACH, :
LLP, BANK OF AMERICA, WELLS FARGO, :
CITIBANK, BANK HAPOALIM, :
BANCORPSOUTH, INC., INTUIT, INC., :
KEYCORP and KEYBANK NATIONAL ASSOC.,:
JP MORGAN CHASE & CO., INGENICO, JP :
MORGAN CHASE BANK, M&T BANK CORP., :
MERRILL LYNCH, UNION BANK OF :
CALIFORNIA, PNC FINANCIAL SERVICES :
GROUP, CHARLES SCHWAB & CO., INC. and :
CHARLES SCHWAB BANK, MERRILL :
LYNCH, PIERCE, FENNER & SMITH, INC., :
PNC FINANCIAL SERVICES GROUP, THE :
ROYAL BANK OF SCOTLAND GROUP, :
SUNTRUST BANK, INC., WELLS FARGO & :
COMPANY, BANK OF TOKYO-MITSUBISHI :
UFJ, LTD., THE BANK OF NEW YORK :
MELLON CORPORATION, THE BANK OF :
NEW YORK MELLON, CITIGROUP, INC., :
CITIBANK, N.A., CITY NATIONAL BANK, :
COMMUNITY BANKING SYSTEMS, BRANCH :
BANKING AND TRUST CORPORATION, :
COMERICA BANK, COMERICA :
INCORPORATED, COMPASS BANCSHARES, :
INC., COMPASS BANK, DEUSTSCHE BANK, :
EDWARD D. JONES & CO., L.P., HSBC NORTH :
AMERICA HOLDINGS INC., HSBC BANK USA,:

N.A., FIRST TENNESSEE BANK NATIONAL : 
ASSOCIATION, CULLEN/FROST BANKERS, : 
INC., and THE FROST NATIONAL BANK, :
: 
: 
Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Claudio Ballard and DataTreasury Corporation (collectively, the "Removing Defendants"), by their attorneys Herrick, Feinstein LLP, respectfully applies for the removal of this civil action to the United States District Court for the Eastern District of New York and in support thereof states as follows:

1. In this Notice of Removal, the Removing Defendants are exercising their right pursuant to 28 U.S.C. § 1441, *et. seq.* to remove this action from the Supreme Court of the State of New York, County of Suffolk (the "State Court") to this Court.

2. The basis for removal is that this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 because the action involves a federal question arising under the United States Patent Act, 35 U.S.C. § 1, *et seq.* (the "Act").

3. Thus, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441 in that this Court is the district court of the United States for the district and division embracing the place where this action is pending.

## BACKGROUND

4. Plaintiffs commenced this action in the State Court by filing a summons and complaint (the "Summons and Complaint") with the clerk of the State Court on April 15, 2011. The Summons and Complaint constitute all of the process, pleadings, and orders in this matter thus far. In accordance with 28 U.S.C. § 1446, a true and correct copy of the Summons and Complaint is annexed hereto as Exhibit A.

5. The Removing Defendants were served with a copy of the Summons and Complaint on June 27, 2011. Thus, the Removing Defendants' time to answer, move against, or otherwise respond to the Complaint has not yet expired.

## BASIS OF ORIGINAL JURISDICTION IN THE FEDERAL COURTS

6. Through this action, Plaintiffs seek damages in an amount exceeding Fifteen Billion Dollars ($15,000,000,000.00) by claiming that Plaintiff Ted Doukas ("Doukas") was one of the inventors of United States Patent Nos. 5,910,988; 6,032,137, (the "Patents") and, therefore, is claiming damages and lost revenue that he claims is due to him as an owner of the Patents.

7. Additionally, Doukas alleges that Ballard engaged in inequitable conduct during the prosecution of the Patents, which may render the Patents unenforceable. Indeed, as set forth in Paragraph 27 of the Complaint, Doukas claims that the Patents were to be registered, in part, in his name and, thereafter, assigned to Syngen Data Services Corporation, a company in which he claims to have a 50% ownership.

8. In essence, Plaintiffs are challenging the conditions of patentability, set forth in 35 U.S.C. § 102, for the Patent, including (i) whether or not Ballard was the sole inventor, pursuant to 35 U.S.C. § 102(f); (ii) Removing Defendants' written patent application, submitted pursuant to 35 U.S.C. § 111; (iii) the oath to the United States Patent and Trademark Office, made pursuant to 35 U.S.C. § 115; and (iv) the claimed inventors of the Patents, pursuant to 35 U.S.C. § 116.

9. Indeed, the crux of Plaintiffs' Complaint is Doukas' claim that he should have been named as an inventor on the Patents, a claim that the Removing Defendants vehemently dispute. The procedure for correction of a named inventor is set forth in 35 U.S.C. § 256, which

provides that the Court "may order correction of the patent on notice and hearing of all parties concerned." Accordingly, only the Court, pursuant to the Act, may determine whether or not the Patents are to be corrected.

10. As such, application of and a ruling under the Act is first required in order to adjudicate this action. Indeed, if the Court finds that Doukas has no claim of ownership under the Act to the Patents, Plaintiffs' remaining claims — each stemming from his claim of ownership of the Patents — fail as a matter of law.

11. Promptly after filing this notice of removal, written notice of the filing of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Suffolk, and will be served on all parties to this action as required by law.

12. The Patent Defendants expressly reserve the right to raise all defenses and objections to any of Plaintiffs' claims, to move to dismiss their Complaint, or to otherwise plead any counterclaim, third party claim, or the like, after the action is removed to the United States District Court for the Eastern District of New York.

WHEREFORE, the Removing Defendants remove the above-captioned action now pending against them in the Supreme Court of the State of New York, County of Suffolk, to the United States District Court for the Eastern District of New York, wherein it shall proceed as an action originally commenced therein.

Dated: New York, NY
July 7, 2011

HERRICK, FEINSTEIN LLP

_____
Scott E. Mollen (smollen@herrick.com)
M. Darren Traub (dtraub@herrick.com)
2 Park Avenue
New York, NY 10016
212.592.1400
*Attorneys for the Removing Defendants.*