UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————

Nº 11-cv-3275(JFB) (WDW)
————————————

TED DOUKAS, ET AL.,

Plaintiffs,

VERSUS

CLAUDIO BALLARD, ET AL.,

Defendants.

————————————

**MEMORANDUM AND ORDER**
November 21, 2011
————————————

JOSEPH F. BIANCO, District Judge:

The above-entitled action was removed from state court by defendants Claudio Ballard and DataTreasury Corporation ("DTC"). Plaintiffs move to remand the action back to state court. For the reasons that follow, plaintiffs' motion is granted and the case is remanded back to state court.[1]

I. BACKGROUND

A. The Complaint

Plaintiffs' complaint alleges fraud, breach of contract and other causes of action against all defendants. Plaintiffs seek money damages, equitable remedies, a constructive trust, dissolution of DTC, an accounting, replevin, receivership, attachment, and injunctive relief.[2]

The Court will briefly summarize the allegations set forth in the complaint.[3] According to the complaint, plaintiff Ted Doukas ("Doukas") and defendant Claudio Ballard ("Ballard") entered into a joint venture sometime between 1994 and

---

[1] Plaintiff has also requested sanctions and costs, but those requests are denied for the reasons set forth herein.

[2] Plaintiffs also assert sixteen causes of action relating to a later, separate purported agreement between Doukas and certain defendants. These causes of action and alleged underlying facts have no bearing on the motion to remand.

[3] The following allegations are taken from the complaint, and are not findings of fact by the Court. As noted *infra*, for purposes of plaintiffs' motion to remand, the Court looks only to jurisdictional facts, and any doubts as to federal jurisdiction will be resolved against removability. *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007).

1995.  (Compl. ¶¶ 1, 90, 101.)  The goal of the joint venture was to develop biometric recognition and remote image capture technology.  (Compl. ¶¶ 90, 98.)  Doukas invested hundreds of thousands of dollars in the joint venture and provided rent-free office space to Ballard in order to further the joint venture's goal of developing the technology.  (Compl. ¶¶ 7, 10.)  Ballard's role in the joint venture was to develop the technology (Compl. ¶ 11), as Doukas was "anything but a technology buff."  (Compl. ¶ 14.)

On August 27, 1997, Ballard filed a patent application for "a system for remote data acquisition and centralized processing and storage."  (Compl. Ex. A.)  Ballard never informed Doukas of the patent application or the success of the joint venture's endeavor.  (Compl. ¶ 116.)  Ballard then transferred the patent to Defendant CPS Holdings, Inc. and later to Defendant DTC.  (*Id.*)  DTC has since received over $2,000,000,000 from settlements or licensing fees connected to the technology.  (Compl. ¶ 128.)

B.  Procedural Background

Plaintiffs filed the present action on April 15, 2011 in the Supreme Court of the State of New York, Suffolk County.  On July 7, 2011, defendants Ballard and DTC filed a notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446, alleging original jurisdiction under 28 U.S.C. 1331.  Plaintiffs now seek to remand the case back to state court.  On July 29, 2011, plaintiffs filed a motion to remand.  On August 29, 2011, opposition papers were filed.  On September 16, 2011, reply papers were filed.  Oral argument took place on October 17, 2011.  The motion is fully submitted for the Court's consideration.

II.  DISCUSSION

A.  Plaintiffs' Motion for Remand

As set forth in detail below, plaintiffs' claims do not require application of federal law and, therefore, remand is warranted.

28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."  Pursuant to 28 U.S.C. § 1338(a), "District courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks.  Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases."

"The presence or absence of federal-question jurisdiction [under § 1331] is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Thus, "[t]he 'well-pleaded complaint rule' is the basic principle marking the boundaries of the federal question jurisdiction of the federal courts."  *Metropolitan Life Ins. Co. v. General Motors Corp.*, 481 U.S. 58, 63 (1987).  Pursuant to this rule, "the plaintiff [is] the master of the clam; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392.

"Generally, a defendant in an action pending in state court may remove that case to federal court only if it could have originally been commenced in federal

2

court on either the basis of federal question jurisdiction or diversity jurisdiction." *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (citing 28 U.S.C. § 1441(a)). "When a party challenges the removal of an action from state court, the burden falls on the removing party 'to establish its right to a federal forum by competent proof.'" *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, No. 00-1898, MDL 1358(SAS), M 21-88, 2006 WL 1004725, at *2 (S.D.N.Y. Apr. 17, 2006) (quoting *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) (quotation omitted)). Accordingly, the burden is on the defendant to establish federal jurisdiction. Further, the removal statute should be strictly construed, and any doubts about jurisdiction should be resolved against removal. *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007).

A court will have original jurisdiction pursuant to 28 U.S.C. § 1338(a) if the plaintiff's complaint, *properly* construed, "establishes either that patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Indus. Oper. Corp.*, 486 U.S. 800, 809 (1988). Where patent law "is not an 'essential element' of plaintiff's theory of recovery, those claims do not arise under patent law." *Nanomedicon, LLC v. Research Found. of State Univ. of NY*, 784 F. Supp. 2d 153, 157 (E.D.N.Y. 2011) (quoting *In re Ciproflaxacin Hydrochloride Antitrust Litig.*, 166 F. Supp. 2d 749, 750-51 (E.D.N.Y. 2001)). "Additionally, where a state law claim may be supported by alternative theories, a single interpretation of that claim is insufficient to form the basis of federal jurisdiction." *Id.*

Plaintiffs' complaint sets forth no explicit cause of action relying on patent law. Thus, the removing defendants must show that the resolution of plaintiffs' claims requires the court to resolve a substantial issue of patent law. *Id.* The removing defendants have not met their burden. Although the removing defendants seize on portions of plaintiffs' complaint to argue that the "crux of this action is the claim that Doukas should have been named as an inventor on the Patents and have the resulting ownership interest" (Defs.' Br. at 12), it is evident from plaintiffs' complaint that the plaintiffs' action is one sounding wholly in contract and partnership law. In fact, the "Overview of the Litigation" section of the plaintiffs' complaint makes this abundantly clear:

> This is an action for fraud, breach of fiduciary duty, constructive trust, breach of contract and breach of a joint venture agreement, together with actions emanating from the partnership law, the BCL and that body of law known as "*equity*." The subject and goal of the joint venture at the center of this dispute (the *Doukas/Ballard joint venture*) was to develop technology that was surreptitiously developed and patented by one of the joint venture partners in clear violation of the express terms of a mutual agreement between two individuals: Plaintiff TED DOUKAS ("DOUKAS") and Defendant

3

CLAUDIO BALLARD ("BALLARD"). Likewise, this action contemplates a fraudulent transfer of ownership of the *Doukas/Ballard* technology that was the object of the joint venture and reflected in the patent spirited away from the *Doukas/Ballard joint venture* by BALLARD and wrongfully assigned to Defendant, DATATREASURY CORP. ("DTC"). It is alleged in this complaint that BALLARD, in violation of the express terms of a mutual agreement, joint venture agreement and the fiduciary obligations BALLARD owed to DOUKAS, that BALLARD stole, co-opted and otherwise converted and assigned away the *Doukas/Ballard joint venture*'s technology for his own use at the expense of the *Doukas/Ballard joint venture* and DOUKAS, BALLARD's partner and a principal of the "*Doukas/Ballard joint venture*".

(Compl. ¶ 1.) The "Overview" section proceeds to describe the nature of the alleged joint venture in greater detail and then sets forth the nature of the relief being sought. (Compl. ¶¶ 1-5.) For example, with respect to the declaratory relief being sought, plaintiffs explain:

In this complaint, Plaintiffs also seek declaratory judgment against several Defendants. For example, Plaintiffs seek a declarative judgment establishing a joint venture relationship referred to throughout this complaint as the *Doukas/Ballard joint venture*. Plaintiffs also seek declaratory judgment establishing BALLARD as a fiduciary to DOUKAS *vis a vis* the *Doukas/Ballard joint venture*. Moreover, declaratory judgment is sought establishing the joint venture's ownership of the "*elusive biometric character recognition*", "*remote image capture and centralized storage*" and other technology and further, that all profits and proceeds generated by the *Doukas/Ballard joint venture*'s technology are properly paid to DOUKAS who absorbed all of the losses of the *Doukas/Ballard joint venture*. Finally, declaratory judgment is sought establishing DTC as an assignee of BALLARD and that all monies paid to DTC by banks who pay to use the *Doukas/Ballard* technology should be paying DOUKAS directly inasmuch as he is the equitable and actual owner of the technology.

(Compl. ¶ 3.) In short, there is no question based upon the "Overview" section, as well as a careful reading of the remainder of the lengthy complaint, that plaintiffs claims *all* arise out of an alleged joint venture agreement.

Based upon the allegations of the complaint, there are simply no aspects of plaintiffs' complaint that implicate patent

law. First, plaintiffs do not allege Doukas had any role in the conception of the technology and, as confirmed at oral argument by plaintiffs' counsel, do not claim Doukas to be an inventor. Even if Doukas claimed that he was the inventor of the technology, that does not necessarily require that the entire claim arise under patent law. *See Christianson*, 486 U.S. at 811 ("just because an element that is essential to a particular theory might be governed by federal patent law does not mean that the entire...claim 'arises under' patent law."); *Synergy Adv. Pharmas. Inc. v. Capebio LLC*, No. 10 Civ. 1736(SAS), 2011 WL 2078220, at *6 (S.D.N.Y. May 25, 2011) ("Additionally, the possibility that the fact-finder may be called upon to determine the true inventor of certain compounds does not turn such an inquiry into one that 'arises under' federal patent law.").[4]

Second, none of plaintiffs' causes of actions raises an issue of patent law. Each and every one of the claims – including fraud and breach of contract – relate directly to the alleged joint venture agreement, and have no basis in patent law.

Third, none of the relief sought implicates the validity of the patent. For example, the complaint institutes an action for money damages arising out of the breach of an alleged joint venture agreement. Moreover, as noted above, all of the declaratory relief sought relates to the alleged joint venture. Plaintiff does not seek invalidation of the patent or any relief that would impact the validity of the patent; instead, his claims seek to establish who has proper ownership of the patent based upon the alleged joint venture.

Thus, the Court has examined all of plaintiffs' claims, as well as the relief sought, and finds that patent law is not essential to any claim. The resolution of plaintiffs' claims will not involve a substantial issue of patent law.

In reaching this decision, the Court has considered all of defendants' arguments for removal and finds them unpersuasive. For example, to the extent defendants suggest in their papers that patent law is implicated based upon the clear dispute in the complaint about ownership of the patent, the Court disagrees. A substantial portion of plaintiffs' complaint focuses on ownership of the patented technology and the proceeds from the patented technology. Ownership "is a question of who owns legal title to the subject matter claimed in a patent, patents having the attributes of personal property." *Beech Aircraft Corp. v. EDO Corp.*, 990 F.2d 1237, 1248 (Fed. Cir. 1993). Therefore, a dispute about patent ownership is not a question of federal patent law. *E.I. Du Pont De Nemours & Co. v. Okuley*, 344 F.3d 578, 582 (6th Cir. 2003); *see also* 8 Chisum on Patents § 21.02 ("[A] dispute over title or ownership in a patent traditionally arises under state property

---

[4] Plaintiffs' counsel has conceded that the complaint does not seek relief listing Doukas as an inventor. (Pls.' Reply Br. at 6). Nor could plaintiffs make that claim. Throughout the complaint, Doukas admits his ignorance regarding technology in general and the disputed technology in particular. Without an allegation of Doukas's contribution to the invented technology, there can be no question of inventorship in this action. *See Fina Oil and Chem. Co. v. Ewen*, 123 F.3d 1466, 1473 (Fed. Cir. 1997) ("[A] joint inventor must contribute in some significant manner to the conception of the invention.").

5

law, even though resolution of the ownership issue may affect the validity of the patent."). Plaintiffs' claims center on an alleged joint venture agreement and the contractual rights and obligations that derive from the agreement. The determination of whether a joint venture agreement existed is firmly rooted in state contract and partnership law. It does not and will not affect the validity or enforceability of the patent. As the determination of plaintiffs' claims does not resolve a substantial issue of patent law, this case must be remanded to state court.

Defendants' other main argument – namely, that isolated references in the complaint to issues about whose name should have appeared on the patent triggers the application of patent law – is similarly unavailing. Defendants correctly note that several paragraphs in the complaint allege that, pursuant to the joint venture agreement, the patent was suppose to be in the name of both Doukas and Ballard, but that Doukas was the only one listed on the patent applications. *See* Compl. ¶¶ 8, 27, 216.) However, contrary to defendants' contention, these references to the alleged failure to be listed on the patent application are simply background allegations to the claims regarding the existence of the joint venture agreement and Ballard's alleged failure to advise Doukas of the patent application or the success of the joint venture's endeavor. *See* Compl. ¶ 116.) Plaintiffs do not seek any finding that the patent application was fraudulent, nor do they contest the validity of the patent in any way. To the contrary, plaintiffs assert that the patent is valid and are seeking, based upon alleged ownership of the patent through a joint venture agreement, proceeds from the patent. Thus, the validity of the patent, notwithstanding references in the complaint to the dispute about whose name should be on the patent, will not be litigated in this case and no relief sought implicates the validity of the patent. Under such circumstances, no substantial issue of patent law is implicated in this case.

This Court's ruling is consistent with other courts in this Circuit that have determined that contractual disputes surrounding patent rights should be heard in state court. *See Nanomedicon*, 784 F. Supp. 2d at 157-59; *Synergy Adv. Pharmas.,* 2011 WL 2078220, at *4-6; *Discovision Assocs. v. Fuji Photo Film Co. Ltd.*, No. 07 Civ. 6348(PAC), 2007 WL 5161825, at *5-7 (S.D.N.Y. Oct. 29, 2007).

For the foregoing reasons, the Court holds that the complaint neither relies upon, nor raises any significant issue of patent law. As this court lacks federal subject matter jurisdiction, the motion to remand must be granted. *See American Tel. & Tel. Co. v. Integrated Network Corp.*, 972 F.2d 1321, 1324 (Fed. Cir. 1992) (patent jurisdiction held not to exist in case alleging only traditional contract and tort causes of action regarding patent assignment).

### B. Plaintiffs' Request for Sanctions is Denied

Plaintiffs seek to impose sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") against the removing defendants. Specifically, plaintiffs claim that, in removing to federal court, the removing defendants acted in bad faith, and the "only adequate response is a *sua sponte* Rule 11 sanction." (Pls.' Reply Br. at 13.) For

6

the reasons that follow, plaintiffs' motion for sanctions is denied.

As an initial matter, the Court notes that plaintiffs have not satisfied the procedural requirements for filing a sanctions motion. A request for sanctions must be made by separate motion, in accordance with Rule 11(c)(2) of the Federal Rules of Civil Procedure. In any event, the Court denies the plaintiffs' motion. In considering a motion for sanctions under Rule 11, this Court applies an "objective standard of reasonableness." *See MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc*., 73 F.3d 1253, 1257 (2d Cir. 1996). Moreover, "Rule 11 is violated only when it is patently clear that a claim has absolutely no chance of success." *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986) (internal quotation marks omitted). Additionally, "when divining the point at which an argument turns from merely losing to losing *and* sanctionable, ... courts [must] resolve all doubts in favor of the signer" of the pleading. *Rodick v. City of Schenetady*, 1 F.3d 1341, 1350 (2d Cir. 1993) (emphasis in original) (internal quotation marks omitted).

The Court has no reason to believe that the factual allegations or legal arguments have been made in bad faith by the removing defendants. As noted above, plaintiffs' complaint does contain brief references to issues related to whose name should have appeared on the patent pursuant to the joint venture agreement. Thus, although this Court found defendants' legal position to be completely lacking in merit, there was a colorable basis in the complaint for defendants to attempt to have this case removed. In sum, there is insufficient basis to conclude that the removing defendants filed the notice of removal in bad faith or than any other grounds for sanctions are present. Accordingly, plaintiffs' request for sanctions under Rule 11 is denied.

C. Plaintiffs' Request for Costs is Denied

In connection with the motion to remand, plaintiff also seeks costs, pursuant to 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under 28 U.S.C. § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As noted above in connection with Rule 11, although this Court has concluded that removal was improper, the removing defendants had an objectively reasonable basis to at least seek removal given the patent subject matter of the alleged contract and several references in plaintiffs' complaint to the patent application. Moreover, there is no evidence that the removal was done in bad faith, such as to harass or delay. Therefore, plaintiffs' request for costs and expenses, including attorneys' fees, is denied because there is no basis for such an award under the circumstances of this particular case.

7

### III. CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand is granted. Plaintiffs' request for sanctions and costs is denied. This case is remanded to New York State Supreme Court, County of Suffolk.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: November 21, 2011
        Central Islip, NY

\* \* \*

Plaintiff is represented by Robert J. Del Col, Law Office of Robert J. Del Col, Esq., 1038 West Jericho Turnpike, Smithtown, NY 11787.  The attorneys for the Claudio Ballard are Michael Darren Traub and Scott E. Mollen, Herrick Feinstein LLP, 2 Park Avenue, New York, NY 10016.  The attorneys for DataTreasury Corp are Richard L. Levine and Paul Alexander Ferrillo, Weil Gotshal & Manges LLP, 767 Fifth Avenue, 35th Floor, New York, NY 10153; along with Michael Darren Traub and Scott E. Mollen.